IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHYNELL PEARSALL, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 21-3857 |
| | : | |
| BANK OF AMERICA, | : | |
|     Defendant. | : | |

### MEMORANDUM OPINION

This case is as yet a mystery.  Plaintiff Shynell Pearsall filed a nearly-empty *pro se* Complaint against Bank of America, accompanied only by two perplexing exhibits.  She also filed a Motion for Leave to Proceed *In Forma Pauperis*.  For the following reasons, Pearsall will be granted leave to proceed *in forma pauperis,* and her Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  She will be granted leave to file an Amended Complaint.

Pearsall's Complaint contains no factual allegations—instead, it relies entirely on two exhibits.  Exhibit A is a printout of an Experian credit report concerning Pearsall's Bank of America credit card account, dated August 17, 2021.  The report details the account's payment history, and reflects a past due balance of $7,544.  The report states that the account was closed at the credit grantor's request.  Exhibit B is a printout of Bank of America's Better Business Bureau profile.

As a preliminary matter, Pearsall's request to proceed *in forma pauperis* will be granted because it appears that she is not capable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires that Pearsall's Complaint be dismissed if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).  Thus, to

1

state a claim, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The facts alleged in the complaint are accepted as true and all reasonable inferences are drawn in the plaintiff's favor. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (citation omitted). A *pro se* complaint is liberally construed. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). Nevertheless, even a *pro se* complaint must allege sufficient facts to support a claim. *Id*. At bottom, a complaint must provide the defendant with "fair notice" of what the plaintiff's claim is and of the grounds on which it rests. *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam)). To provide fair notice, the complaint must identify who the defendants are and *what actions they took* in relation to the plaintiff's claims. *Id.* at 93 (citation omitted). That does not mean that a complaint has to "include every name, date, and location of the incidents at issue." *Id*. But it does have to have enough information, stated with enough clarity, that a defendant could "reasonably be expected to respond." *Id.*

Pearsall's Complaint is exceptionally bare. The Complaint itself makes no factual allegations. The only sentence it contains accuses Bank of America of "defamation, conduct and actions/inactions" that were "willful, deliberate, intentional, and/or reckless disregard for the interest and rights of the Plaintiff." This sentence is just a list of "labels and conclusions"—it does not explain what happened.

The Exhibits do not add much context. The basic facts that can be gleaned from these documents are that: (1) Pearsall had an account at Bank of America; (2) Bank of America requested that her account be closed; and, (3) this account appeared on Pearsall's credit report

with an overdue amount of $7,544.  The Court cannot discern from these facts how Pearsall believes she was wronged or the nature of the legal claims she wants to bring.

In general, when presented with a *pro se* complaint, courts must "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name."  *Holley v. Dep't of Veteran Affs.*, 165 F.3d 244, 248 (3d Cir. 1999).  However, in this case, the facts are so unclear that the Court cannot determine what law to apply.  Unfortunately, Pearsall's Complaint is just the kind of "unadorned, the-defendant-unlawfully-harmed-me accusation" that the Supreme Court said is not enough to proceed.  *Iqbal*, 566 U.S. at 678.

For the reasons stated, Pearsall's motion for leave to proceed *in forma pauperis* will be granted and her Complaint will be dismissed without prejudice for failure to state a claim pursuant to § 1915(e)(2)(B)(ii).  Although Pearsall has not stated a claim, she will be given the chance to submit an amended complaint explaining what happened, in accordance with this opinion.  *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

An appropriate order follows.

**BY THE COURT:**

**/s/Wendy Beetlestone, J.**

_____
**WENDY BEETLESTONE, J.**